IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

06 MAY -1 PM 4:04

| | |
|---|---|
| JOHN W. FERRON,<br>6262 Deeside Drive<br>Dublin, Ohio 43017,<br><br>    Plaintiff,<br><br>vs.<br><br>VC E-COMMERCE SOLUTIONS, INC.,<br>a California corporation, c/o Mark P.<br>Colasuonno, its agent for service of process,<br>419 S. Myrtle Avenue<br>Monrovia, California 91016,<br><br>And<br><br>OPTINREALBIG.COM, LLC,<br>a Nevada corporation, c/o Trudy Debell,<br>its registered agent,<br>1333 W. 120th Avenue, Suite 101<br>Westminster, Colorado 80234,<br><br>And<br><br>DOE NOS. 1 – 20,<br><br>    Defendants. | Civil Action No. **2 : 06 cv 322**<br><br>Judge **JUDGE FROST**<br><br>Magistrate Judge **MAGISTRATE JUDGE ABEL** |

### COMPLAINT FOR MONEY DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### JURY DEMAND ENDORSED HEREON

NOW COMES PLAINTIFF JOHN W. FERRON, by and through his undersigned counsel, and makes the following allegations and claims against Defendants.

### The Parties

1.     PLAINTIFF JOHN W. FERRON ("Plaintiff") is a person who resides at the address indicated in the above caption, which is located in Delaware County, Ohio. At all times

relevant hereto, Plaintiff has been a "consumer" as defined in Ohio Revised Code Section 1345.01(D).

2. DEFENDANT VC E-COMMERCE SOLUTIONS, INC. ("Defendant VC"), is a California corporation, reasonably believed to have its principal place of business located at 15360 Ventura Blvd.., Suite 1750, Los Angeles, California 91403. At all times relevant hereto, Defendant has been a "supplier" as defined in Ohio Revised Code Section 1345.01(C).

3. DEFENDANT OPTINREALBIG.COM, LLC. ("Defendant Opt"), is a Nevada corporation, reasonably believed to have its principal place of business located at 1333 W. 120th Avenue, Suite 101, Westminster, Colorado 80234. At all times relevant hereto, Defendant Opt has been a "supplier" as defined in Ohio Revised Code Section 1345.01(C).

4. Upon information and belief, DEFENDANT DOE NOS. 1 through 20 are persons or entities, whose identities and addresses are currently unknown but will be determined through the discovery process, and who acted in concert with Defendant VC and/or Defendant Opt, as described below, or on its behalf. Upon information and belief, and at all times relevant hereto, each Doe Defendant has been a "supplier" as defined in Ohio Revised Code Section 1345.01(C). Until such time as each individual Doe Defendant is identified, and named individually, all Doe Defendants shall be referenced herein in the collective.

**Jurisdiction and Venue**

5. This Court has original diversity jurisdiction over the parties and the claims asserted herein pursuant to 28 U.S.C. §1332 because there is complete diversity between Plaintiff and all parties Defendant, and the amount in controversy well exceeds $75,000.00 in the aggregate.

2

6. Venue is proper because all or a substantial part of the events giving rise to the claims herein occurred within the Southern District of Ohio, Eastern Division, including Defendants' knowing transmittal of over 1,600 email messages to Plaintiff in Ohio.

## The Claims

7. Plaintiff has an Internet email account that is maintained by and through NetWalk, an Internet service provider that is located in Columbus, Franklin County, Ohio.

8. Upon information and belief, between January 1, 2006 and the present date, Defendant VC and/or Defendant Opt, and one or more of the Doe Defendants, acting in concert, transmitted over 1,600 email messages to Plaintiff's Internet email account. Each of these email messages is a "consumer transaction" as defined in Ohio Revised Code Section 1345.01(A).

9. Upon information and belief, in regard to each of the email messages described in the foregoing paragraph, Defendant VC and/or Defendant Opt, and one or more Doe Defendants, acting in concert, knowingly committed one or more unfair and/or deceptive acts or practices in violation of Ohio Revised Code §1345.02 by:

 (a) using the word "free" in a consumer transaction and failing to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" goods or services are contingent;

 (b) using the word "free" in a consumer transaction and failing to print all terms, conditions, and obligations of the offer in a type size half as large as the word "free;"

 (c) using the word "free" in a consumer transaction and failing to print all terms, conditions, and obligations of the offer in close proximity with the offer of "free" goods or services;

(d) notifying a consumer that he has won a prize or will receive anything of value, where the receipt of the prize or thing of value is conditioned upon the consumer's observing a sales promotional effort or entering into a consumer transaction, and failing to clearly and conspicuously disclose, at the time of notification of the prize, that an attempt will be made to induce the consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction;

(e) notifying a consumer that he has been selected, or is eligible, to win a prize or receive anything of value, where the receipt of the prize or thing of value is conditioned upon the consumer's observing a sales promotional effort or entering into a consumer transaction, and failing to clearly and conspicuously disclose, at the time of notification of the prize, that an attempt will be made to induce the consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction;

(f) notifying a consumer that he has won a prize or will receive anything of value, where such is not the case;

(g) notifying a consumer that he has been selected, or is eligible, to win a prize or receive anything of value and failing to clearly and conspicuously disclose to the consumer any and all conditions necessary to win the prize or receive anything of value;

(h) notifying a consumer that he has won a prize or is eligible to receive something of value and failing to disclose, in the same size and style of print found in the notification, that an attempt will be made to induce the consumer to undertake a

monetary obligation, or that the consumer will be required to observe a sales presentation;

(i) notifying a consumer that he has won a prize or is eligible to receive something of value and failing to disclose, in the same size and style of print found in the solicitation, the eligibility conditions that must be met in order to receive the prize;

(j) notifying a consumer that he has won a prize or is eligible to receive something of value and failing to disclose the price reasonable consumers would pay for the prize if it were sold in the local market;

(k) notifying the consumer that he has won a prize or is eligible to receive something of value and failing to disclose the name, address and telephone number of the business that is actually conducting and/or sponsoring the contest or giveaway program;

(l) notifying the consumer that he has won a prize or is eligible to receive something of value and failing to disclose the odds or chances of winning the listed prize;

(m) notifying the consumer that he has won a prize or is eligible to receive something of value and failing to clearly and conspicuously state all material exclusions, reservations, limitations, modifications, or conditions to the consumer's receipt of the prize;

(n) notifying the consumer that he has won a prize or is eligible to receive something of value where the supplier does not intend to deliver the listed prize;

(o) failing to register with the Ohio Secretary of State prior to doing business in Ohio; and

(p)   failing to register a fictitious business name with the Ohio Secretary of State prior to doing business in Ohio under such fictitious name.

## FIRST CAUSE OF ACTION

### (KNOWING VIOLATIONS OF OHIO REVISED CODE 1345.02)

10.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

11.   Each of the email messages that Defendant VC and/or Defendant Opt, and one or more DOE Defendants, transmitted to Plaintiff constitutes one or more unfair and/or deceptive sales practices and/or acts in violation of Ohio Revised Code Section 1345.02(A).

12.   Defendants' violations were "knowingly" committed, as Defendants knew they were engaging in the acts and practices described in the preceding paragraphs.

13.   The acts and practices of Defendant VC, Defendant Opt and one or more DOE Defendants described in the preceding paragraphs are acts and practices that have previously been declared to be deceptive and/or unconscionable acts or practices in violation of the CSPA by Ohio courts in judgments that were file in Public Information File of the Office of the Ohio Attorney General prior to the acts and practices of Defendant VC, Defendant Opt and one or more DOE Defendants complained of herein.

14.   Because Defendant VC, Defendant Opt and one or more DOE Defendants knowingly violated Ohio Revised Code Section §1345.02(A), Plaintiff is entitled to: (a) an award of statutory damages against each Defendant in the amount of three times Plaintiff's actual damages or $200, whichever is greater, for each violation of R.C. §1345.02(A); and (b) an award of Plaintiff's reasonable attorney's fees and costs against Defendant pursuant to R.C. §1345.09(F).

## SECOND CAUSE OF ACTION

## (DECLARATORY JUDGMENT)

15. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

16. Plaintiff respectfully submits that, under the circumstances presented in this case, he is entitled to the Court's entry of declaratory judgment in his favor, including this Court's declaration that it is an unfair and deceptive act and practice, and a violation of R.C. §1345.02(A), for a "supplier" to transmit an email messages to a "consumer" in Ohio that constitutes a "consumer transaction" and:

   (a) uses the word "free" and fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" goods or services are contingent;

   (b) uses the word "free" and fails to print all terms, conditions, and obligations of the offer in a type size half as large as the word "free;"

   (c) uses the word "free" and fails to print all terms, conditions, and obligations of the offer in close proximity with the offer of "free" goods or services;

   (d) notifies a consumer that he has won a prize or will receive anything of value, where the receipt of the prize or thing of value is conditioned upon the consumer's observing a sales promotional effort or entering into a consumer transaction, and fails to clearly and conspicuously disclose, at the time of notification of the prize, that an attempt will be made to induce the consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction;

(e) notifies a consumer that he has been selected, or is eligible, to win a prize or receive anything of value, where the receipt of the prize or thing of value is conditioned upon the consumer's observing a sales promotional effort or entering into a consumer transaction, and fails to clearly and conspicuously disclose, at the time of notification of the prize, that an attempt will be made to induce the consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction;

(f) notifies a consumer that he has won a prize or will receive anything of value, where such is not the case;

(g) notifies a consumer that he has been selected, or is eligible, to win a prize or receive anything of value and fails to clearly and conspicuously disclose to the consumer any and all conditions necessary to win the prize or receive anything of value;

(h) notifies a consumer that he has won a prize or is eligible to receive something of value and fails to disclose, in the same size and style of print found in the notification, that an attempt will be made to induce the consumer to undertake a monetary obligation, or that the consumer will be required to observe a sales presentation;

(i) notifies a consumer that he has won a prize or is eligible to receive something of value and fails to disclose, in the same size and style of print found in the solicitation, the eligibility conditions that must be met in order to receive the prize;

(j)     notifies a consumer that he has won a prize or is eligible to receive something of value and fails to disclose the price reasonable consumers would pay for the prize if it were sold in the local market;

(k)     notifies the consumer that he has won a prize or is eligible to receive something of value and fails to disclose the name, address and telephone number of the business that is actually conducting and/or sponsoring the contest or giveaway program;

(l)     notifies the consumer that he has won a prize or is eligible to receive something of value and fails to disclose the odds or chances of winning the listed prize;

(m)     notifies the consumer that he has won a prize or is eligible to receive something of value and fails to clearly and conspicuously state all material exclusions, reservations, limitations, modifications, or conditions to the consumer's receipt of the prize;

(q)     notifies the consumer that he has won a prize or is eligible to receive something of value where the supplier does not intend to deliver the listed prize;

(r)     fails to register with the Ohio Secretary of State prior to doing business in Ohio; and/or

(s)     fails to register a fictitious business name with the Ohio Secretary of State prior to doing business in Ohio under such fictitious name.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby prays for the following relief against Defendants as to his Causes of Action:

A. An award of statutory damages against Defendants in the amount of three times Plaintiff's actual damages or $200, whichever is greater, for each of Defendants' violations of Ohio Revised Code Section 1345.02(A);

B. Declaratory judgment against Defendants in Plaintiff's favor, as requested hereinabove;

C. A permanent injunction prohibiting Defendants from transmitting any more email messages to any consumer in Ohio in violation of Ohio Revised Code Section 1345.02(A);

D. Pre- and post-judgment interest on all damages awarded;

E. An award of Plaintiff's reasonable attorneys' fees and costs, as allowed pursuant to Ohio Revised Code Section 1345.09(F); and

F. All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

Lisa A. Wafer, Trial Attorney
Oh. Sup. Ct. Reg. No. 0074034
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax
lwafer@ferronlaw.com

Attorney for Plaintiff,
John W. Ferron

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Lisa A. Wafer, Trial Attorney
Oh. Sup. Ct. Reg. No. 0074034

10