UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. FERRON,

        Plaintiff,                              Case No. 2:06-cv-322
                                                   JUDGE GREGORY L. FROST
        v.                                         Magistrate Judge Mark R. Abel

MEDIA BREAKAWAY, LLC, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion to dismiss his claims without prejudice (Doc. # 252) and Defendant Media Breakaway, LLC's memorandum in opposition (Doc. # 254). For the following reasons, the Court **GRANTS** Plaintiff's motion.

### I. Background

Plaintiff has brought the instant action under the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.02(A), and the Ohio Electronic Mail Advertisements Act, Ohio Rev. Code § 2307.64(B)(1). Plaintiff alleges that the various defendants in this litigation have sent him numerous emails that make offers for free products and prizes, with each email containing multiple violations of Ohio law. The case progressed until March 21, 2008, when this Court granted a stay. Following a May 20, 2008 telephone status conference, Plaintiff filed a motion to dismiss his claims without prejudice. (Doc. # 252.)

Defendant Media Breakaway, LLC has filed a response in which the company states that it does not oppose a dismissal with prejudice, but that it "vigorously" objects to a dismissal without prejudice. (Doc. # 254, at 3.) As an alternative to dismissal with prejudice, Media Breakaway, LLC asks the Court to award it attorneys' fees and costs. The parties have

completed briefing, and the motion to dismiss without prejudice is now ripe for disposition.

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper" and that "[u]nless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." Fed. R. Civ. P. 41(a)(2). As this Court has explained:

> The Court has discretion to impose conditions upon a voluntary dismissal without prejudice. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000). If a court decides to impose conditions on the dismissal, a notice to the moving party of the court's intent to do so is required. A plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) " 'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms." *August Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 U.S. Dist. LEXIS 16143 at *15, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996) (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994)); *see also Duffy*, 218 F.3d at 634 (holding that the district court abused its discretion by not giving plaintiffs notice and opportunity to withdraw motion before imposing conditions on dismissal); *U.S. v. One Tract of Real Prop.*, 95 F.3d 422, 425-26 (6th Cir. 1996) (holding that the district court abused its discretion when the court did not give plaintiff an opportunity to withdraw the motion before the court dismissed with prejudice, rather than without prejudice). *But see Broad. Music, Inc. v. Samuel Abdalla*, No. C-2-81-847, 1984 U.S. Dist. LEXIS 15500, 1984 WL 2130, at *1 (S.D. Ohio June 27, 1984) (stating that a conditional dismissal should not be contingent upon the acceptance by plaintiff of certain terms and conditions).

*Wallace v. Wheeling Pittsburgh Steel Corp.*, No. 2:06-cv-610, 2007 WL 1795950, at *1 (S.D. Ohio June 20, 2007).

### B. Analysis

Whether the Court should permit Plaintiff to dismiss his case without prejudice involves determining whether a "without prejudice" dismissal would cause Defendants to suffer plain

legal prejudice as opposed to facing the mere prospect of a second lawsuit. *Perkins v. MBNA Am.*, 43 F. App'x 901, 902 (6th Cir. 2002); *Jones v. Lemke*, 178 F.3d 1294, 1999 WL 107984, at *2 (6th Cir. 1999) (unpublished table decision); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In order to determine whether Defendants will suffer plain legal prejudice, the Court will consider four factors: (1) Defendants' effort and expense of preparation of trial; (2) excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action; (3) the sufficiency of Plaintiff's explanation for the need of the dismissal; and (4) whether Defendants have filed motions for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718). This Court does not need to resolve every factor in Plaintiff's favor to find that dismissal without prejudice is warranted. *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). The factors are more of a guide and discretion ultimately rests with the Court. *Id.*

With regard to the factors, the first factor favors Plaintiff. The Court recognizes that Defendants have naturally invested time and effort in litigating this action. Courts have held that such expenditures may prove insufficient to defeat a plaintiff's motion. *See B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353 (N.D. Ohio 1985) (" '[T]he advanced state of the litigation and the legal and other expenses incurred . . . do not mandate a denial of plaintiff's motion . . . .' " (quoting *Louis v. Bache Group, Inc.*, 92 F.R.D. 459, 461 (S.D.N.Y. 1981))). Here, neither Media Breakaway, LLC nor the other defendants have expended an unreasonable amount of effort and expense to prepare for trial in this action, which would not occur for a considerable amount of time given the fact that discovery is not even concluded.

The second factor also weighs in favor of Plaintiff. There is no evidence that Plaintiff

lacked diligence in prosecuting this action since its inception.  Plaintiff has contributed to discovery delays over the last few months in a similar case before the undersigned, but Plaintiff's conduct in the instant litigation has proven less problematic.  The delay in this litigation has arisen in part from a stay while awaiting a relevant Sixth Circuit decision, and any other delay created in whole or in part by Plaintiff accounts for only a small amount of time in comparison to the time Plaintiff has diligently prosecuted this action.

The sufficiency of Plaintiff's explanation of the need for the dismissal, the third factor in today's inquiry, does not favor Plaintiff.  The Court recognizes that Plaintiff requested dismissal following a conference in which the Court indicated certain inclinations that were adverse to Plaintiff: that it was inclined to rule against Plaintiff on motions to dismiss in light of the Sixth Circuit's decision in *Ferron v. Zoomego, Inc.*, No. 07-4007, 2008 WL 1988587 (6th Cir. May 7, 2008), that it was concerned that Plaintiff had not complied with its order in another case directing him to provide access to his computer systems, and that it was disinclined to stay that other case pending the resolution of a pending writ Plaintiff filed related to the Court's order regarding access to Plaintiff's computer systems.  The Court notes that if it were to rule on the motions to dismiss filed in this case based on *Zoomego*, the end result would be the same as today's order–a dismissal without prejudice.

The fourth factor favors Plaintiff because Plaintiff filed his motion to dismiss sufficiently in advance of the final dispositive motions deadline.  Absent a dismissal, much would remain to be done in this case before final summary judgment motions could be filed.  If any aspect of the case survived the motions to dismiss, the parties would have to complete discovery and then file summary judgment motions, if any.

The foregoing factual scenario contrasts with cases evincing consequent plain legal prejudice, such as in *Grover*, where the Sixth Circuit readily found plain legal prejudice where dismissal resulted in stripping a defendant of an absolute defense. *See Grover*, 33 F.3d 716 at 719 (explaining that "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice."). There is simply no analogous legal prejudice to any defendant in this action. Although Defendants have incurred expense and have devoted considerable time to this litigation, these expenditures would inform the proceedings in a subsequent case. There may be inconvenience here, but there is no legal prejudice.

Accordingly, the Court concludes that it should grant Plaintiff's motion to dismiss without prejudice. The extant question then becomes whether this dismissal without prejudice warrants the payment of attorneys' fees and costs that Defendants alternatively request.

A court can impose such defense costs when it grants a voluntary dismissal without prejudice. *See, e.g., Massey v. City of Ferndale*, 117 F.3d 1420, 1997 WL 330652, at *3 (6th Cir. 1997) (unpublished table decision); *August Storck KG*, 1996 U.S. Dist. LEXIS 16143 at *15, 1996 WL 634116, at *5. Imposing costs as a condition to voluntary dismissal is in fact "usually considered necessary for the protection of the defendant." *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981). However, defense costs are not required as a matter of law and "no circuit court has held that such costs are mandatory." *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

Here, there is no indication that Plaintiff's suit was not a bona fide effort to seek redress

for the alleged wrongs that he perceived he suffered.  *See Blackburn v. City of Columbus, Ohio*, 60 F.R.D. 197, 198 (S.D. Ohio 1973) (holding that because plaintiff acted in good faith, attorneys' fees would not be awarded).  There is nothing in the record to indicate that Plaintiff brought his action to harass, embarrass, or abuse any defendant.  Nor is there evidence to suggest that Plaintiff deliberately sought to increase Defendants' costs by extending the litigation.

Finding good faith does not end the analysis.  Rather, district courts have also looked to multiple factors in determining whether attorneys' fees are appropriate, including: whether extensive discovery costs were involved, whether the procedural history of the case required substantial time and expense, and whether extraordinary expenses were incurred in defending the action.  *See, e.g., August Stork KG*, 1996 U.S. Dist. LEXIS 16143 at *15, 1996 WL 634116, at *5 (awarding attorneys' fees because of the extraordinary costs of discovery).  Factors in support of not awarding fees include: whether a plaintiff acted in good faith in bringing the suit, *Blackburn v. City of Columbus*, 60 F.R.D. 197, 198 (S.D. Ohio 1973) and whether the costs were wasted.  *See, e.g., Bentz v. Reed Elsevier, Inc.*, No. C-3-00-350, 2000 U.S. Dist. LEXIS 20370, 2000 WL 33244507, at *3 (S.D. Ohio Dec. 5, 2000) (fees not required because there were no wasted costs).

Discovery in the case at bar has not concluded and final dispositive motions have yet to be filed.  Further, because Defendants could use the evidence obtained during this discovery in a subsequent action, the costs were not necessarily wasted.  *See Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. 1992) (unpublished table decision) (crediting rule that "when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work

that could not be used in subsequent litigation on the same claims"). Also, the Court should award attorneys' fees and costs only if necessary to protect Defendants, not to punish Plaintiff, and any condition imposed should simply alleviate the harm that Defendants will suffer if Plaintiff's motion is granted.

Having considered the foregoing, the Court concludes that the American Rule on attorneys' fees, which "refuses to economically penalize in this fashion the litigant who in good faith files a lawsuit," justifiably applies to the case at bar. *Blackburn*, 60 F.R.D. at 198. Accordingly, the Court concludes that imposing an award of attorneys' fees and costs is not warranted here.

### III. Conclusion

The Court **GRANTS** Plaintiff's motion to dismiss (Doc. # 252) and **DISMISSES** his case **WITHOUT PREJUDICE**. The Court **DENIES** Media Breakaway, LLC's request for a dismissal with prejudice or, alternatively, for attorneys' fees and costs.

Pursuant to S.D. Ohio Civ. R. 41.1, any future action or actions brought by Plaintiff against either one or all defendants, alleging a claim or claims predicated upon or involving to any degree the same events giving rise to the instant litigation and filed in the United States District Court for the Southern District of Ohio, shall be assigned or transferred to the undersigned judge. Counsel is responsible for bringing to the attention of the Court any relationship between a subsequent new case and this dismissed action.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE